IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02652-BNB

SHANE BURDEN,

    Plaintiff,

v.

JOE ORTIZ, OR ACTING DIRECTOR, Under State Law Offical [sic] Capacty [sic], and
ATTORNEY GENRAL, Under State Law Offical [sic] Capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 13 2006

GREGORY C. LANGHAM
CLERK

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Shane Burden is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is housed at the Huerfano County Correctional Facility in Walsenburg, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The Court must construe the Complaint liberally, because Mr. Burden is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Burden will be ordered to file an Amended Complaint and to show cause why the action should not be dismissed for failure to exhaust the DOC administrative grievance procedure.

In the Complaint, Mr. Burden asserts three claims. All of the claims address his alleged gum disease and the failure of the DOC to treat the disease properly. Plaintiff seeks money damages.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Burden must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). Mr. Burden will be ordered to file an Amended Complaint in which he alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations.

In addition, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes, **see Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Burden is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Burden must "either attach copies of administrative

proceedings or describe their disposition with specificity." *Id.* at 1211.

Although Mr. Burden asserts, in response to Question Two under Section "F. Administrative Relief," on Page Seven of the Complaint form, that he "filed a step 3 on or about 11-2-2005 they refused to answer/step 2 signed by B.b # 3498 10-24-05 and J. Z # 9923 10-14-05," he has failed to satisfy the burden of pleading exhaustion of administrative remedies. He has not attached copies of the administrative proceedings or described with specificity the disposition of the grievance. Mr. Burden will be required to respond and state how he has exhausted his claims in keeping with **Steele** and with the DOC grievance procedures.

Plaintiff filed a Motion for Attachment on February 7, 2006. It is not clear what the Plaintiff's intent was in filing the Motion. If he is attempting to supplement the Complaint with the information stated in the Motion he will have the opportunity to include the information in the Amended Complaint he will be directed to file. The Motion will be denied as moot.

Plaintiff also filed a request on February 1, 2006, asking the Court if he may send all of his monthly account statements for his multiple cases in one envelope to the Court. Plaintiff may submit all of his monthly account statements in one envelope. However, he must provide enough copies of the account statement for each separate case. Accordingly, it is

ORDERED that Mr. Burden file **within thirty (30) days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court is directed to mail to Mr. Burden, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Burden shall submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Burden fails to comply with this Order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Burden's "Motion for Attachment," filed February 7, 2006, is DENIED as moot.

DATED February 13, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02652-BNB

Shane Burden
Prisoner No. 62763
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk